UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE C. HYMEL, an individual.<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:24-cv-01495<br><br>Hon. Virginia M. Kendall |

**ALLSTATE INSURANCE COMPANY'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II-IV OF
PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's opposition to Allstate Insurance Company's ("Allstate") Motion to Dismiss (Dkt.13, "Mot.") does not overcome the deficiencies underlying Counts II-III of Plaintiff's Amended Complaint.[1] Regarding Count II, Allstate did not waive any dismissal arguments and Louisiana law does not recognize independent claims of breach of the implied covenant of good faith and fair dealing unless and until there is a finding that there was a failure of performance. For Count III, Plaintiff's threadbare allegations in the Amended Complaint fall well short of stating a valid claim for tortious interference with business relations. Accordingly, for the reasons stated in its Motion to Dismiss and below, Allstate respectfully requests that this Court dismiss Counts II-IV with prejudice.

---

[1] Plaintiff agrees to voluntarily dismiss Count IV. (Dkt. 23, p.4.)

I.  **PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.**

   A.  **Allstate Did Not Waive Arguments Regarding Count II.**

Plaintiff cites ***no*** case law or authority for her contention that Allstate "waived the opportunity to dismiss" Count II, the good faith and fair dealing claim. Contrary to Plaintiff's groundless contention, "a litigant need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion." *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012). In *Ennenga*, the plaintiff attempted the same argument as Plaintiff does here—that the defendant waived a failure to state a claim defense by not raising it in their first motion to dismiss. *Id.* at 772. The court found that argument "is based on a misreading of Rule 12(g)(2) of the Federal Rules of Civil Procedure." *Id.* at 773. That rule requires litigants to consolidate certain dismissal arguments in a single motion, but it also contains some important exceptions." *Id.* The exception at issue here, as in *Ennenga*, is contained in Rule 12(h)(2), which "specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Id.* at 773. Accordingly, "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Id.*; *see also About U.S. Real Est., Inc. v. Burnley*, No. 14 C 04471, 2015 WL 3397025, at *6 (N.D. Ill. May 26, 2015) ("*Ennenga* thus makes clear that a failure-to-state-a-claim defense is not waived by the failure to include it in a prior Rule 12(b)(6) motion, and in appropriate circumstances, may be raised in a 'successive motion' under Rule 12(b)(6), despite Rule 12(g)(2)'s prohibition against 'another motion under this rule

raising a defense or objection that was available to the party but omitted from its earlier motion.'").

Here, as in *Ennenga* and *About*, Allstate brought a second motion to dismiss after Plaintiff filed an amended complaint. Unlike the "piecemeal" fashion Rule 12 is designed to avoid, whereby a defendant "turned to a different ground under Rule 12 after its first Rule 12 motion was denied, without an intervening change in the plaintiff's pleading" (*About*, 2015 WL 3397025, at *7), Allstate filed a second motion to dismiss ***the brand new*** counts brought under a ***separate state's laws*** that were set forth in Plaintiff's Amended Complaint, which was filed after Allstate ***prevailed*** on its first motion to dismiss. Plaintiff's citations to her First Amended Complaint where she purportedly "raised claims against Allstate for breach of good faith and fair dealing" are of no avail. (Dkt. 23, p. 4.) In Plaintiff's original complaint (Dkt. 1), Plaintiff only brought one breach of contract count under Illinois law. For the first time, in her Amended Complaint, Plaintiff now brings a separate count for breach of the implied covenant of good faith and fair dealing that is now alleged under Louisiana law (Count II) and is independent of her breach of contract count (Count I). All of these new issues provide grounds for dismissal under Louisiana law that were not at issue in Plaintiff's original complaint. Therefore, Allstate did ***not*** have the opportunity to dismiss the "good faith and fair dealing" claims on the basis it now seeks dismal.

Even if Plaintiff did not bring entirely new counts under a completely new state's law, Plaintiff's argument that "Allstate waived the opportunity to dismiss"

(Dkt. 23, p. 5) fails. The plaintiff in *About* argued that the count at issue in the defendant's second motion to dismiss raised "no new issues," but the court considered and granted the defendant's second motion to dismiss the count because the "defendant's new defense against the claim ha[d] merit" and "the considerations of judicial economy underlying *Ennenga*" (as opposed to the concerns over piecemeal litigation) applied. *Id.*; *see also Kilborn v. Amiridis*, No. 22 C 475, 2023 WL 7219998, at *4 (N.D. Ill. Nov. 1, 2023) (permitting consideration of defendant's additional failure to state a claim arguments that were first presented in defendant's second motion to dismiss).

As in *About*, Allstate's meritorious arguments to dismiss Count II were not set forth in a piecemeal fashion, as discussed above. Therefore, the Court should respectfully consider and grant Allstate's Motion to Dismiss Counts II.

### B. Allstate Did Not Fail to Perform Any Obligations Under the EA Agreement.

As Plaintiff admits, under Louisiana law, there is no independent claim for breach of the implied covenant of good faith unless and until there is a judicial finding that there was a failure to perform a contractual obligation. (Dkt. 23, p. 5-6); *Riley v. Cantrell*, No. CV 19-13950, 2021 WL 2680211, at *7 (E.D. La. June 30, 2021); *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11), 68 So. 3d 1099, 1109. Plaintiff's convoluted attempt to create an obligation that Allstate failed to perform fails. Plaintiff argues that Allstate failed to perform an obligation to communicate with prospective buyers or otherwise facilitate her agency sale to prospective buyers (Dkt.

23, p. 5-7), yet Plaintiff does not and cannot point to any provision in the EA Agreement providing that Allstate had any such obligation. Instead, Plaintiff misconstrues the provision of the EA Agreement providing that Allstate has the sole discretion to approve or reject a buyer as creating an obligation to communicate with or facilitate the sale to prospective buyers. (Dkt. 23, p. 6.) Allstate's "broad discretion" to approve or deny sales (Am. Compl. ¶ 25) necessarily means that Allstate has the contractual right to withhold approval. It does ***not*** imply that Allstate has to take any action to assist Plaintiff with obtaining approval of her chosen buyers, let alone to communicate with them.

Tellingly, Plaintiff does not rebut, nor attempt to even address, *Woman's Hosp. Found. v. Nat'l Pub. Fin. Guarantee Corp.,* No. 11-CV-00014, 2012 WL 956622, at *4 (M.D. La. Mar. 20, 2012)*, aff'd,* 524 F. App'x 136 (5th Cir. 2013), cited in Allstate's Motion to Dismiss, which held that defendants acted within their contractual rights in exercising the unqualified right to withhold consent and thus "as a matter of law that they cannot have acted in bad faith." *Id.* The court reasoned that "to breach the duty of good faith, there must be an intentional and malicious failure to perform" and "[w]hen a party does precisely what the express terms of an agreement permit it to do, that party cannot as a matter of law be acting in breach of the implied covenant of good faith and fair dealing." *Id.* (citations omitted). Like *Woman's Hospital Foundation*, Allstate's contractual right of approval is unqualified; thus, Allstate's exercise of its contractual right to withhold approval cannot constitute bad faith.

Similarly, in *Rahman v. Allstate Ins. Co.*, 644 F. Supp. 3d 231, 238 (E.D. La.

2022), the plaintiff complained that "Allstate acted in bad faith in denying the sale of his book of business to his chosen purchasers." In *Rahman*, the exact same agency agreement was at issue, the Allstate R3001S Exclusive Agency Agreement, which provided Allstate with the same "broad discretion to approve or disapprove potential buyers." *Id*. The court found that Allstate was "merely acting within its broad discretion" when it denied the sale to the plaintiff's chosen buyers due to a lack of experience and insufficient time for approval. Accordingly, the plaintiff's bad baith claims failed. *Id.* at 239. Here, Plaintiff, exactly like the *Rahman* plaintiff, knowingly and voluntarily signed the EA Agreement, which included Allstate's rights to terminate the Agreement, approve or reject a buyer of agency, and impose a 90-day timeframe for sale of the agency. Plaintiff cannot maintain it was "at the mercy of Allstate" (Dkt. 23, p. 7) when Allstate merely exercised the very rights to which Plaintiff knowingly and voluntarily agreed. Thus, Plaintiff's baseless characterization of Allstate's acts as "bad faith" or "improper" should be rejected.

Because Allstate did not fail to perform any obligation, but rather exercised its contractual rights, Count II should be dismissed.

## II. PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM IS INSUFFICIENTLY PLEADED AND SHOULD BE DISMISSED.

### A. Plaintiff Fails to Plausibly Allege the Actual Malice Element.

Plaintiff fails to allege facts supporting a plausible inference that Allstate was motivated by malice or an intent to punish Plaintiff, as required to state a claim for tortious interference with business relations. *D.H. Griffin Wrecking Co., Inc. v. 1031*

*Canal Dev., LLC*, 463 F. Supp. 3d 713, 725 (E.D. La. 2020). Plaintiff's argument that FSL Caminita allegedly created a toxic work environment because Plaintiff refused to sell her agency to his girlfriend is a red herring. This has nothing to do with whether Mr. Caminita maliciously interfered with Plaintiff's business relations—i.e., the sale of her agency. Plaintiff baldly asserts, without any factual support, that Mr. Caminita's "bad feelings" due to Plaintiff's refusal to sell her agency to his girlfriend "directed his [] decisions to interfere in prospective sales of Ms. Hymel's agency." (Dkt. 23, p. 9.) Plaintiff's only basis for her conjecture, however, is that Caminita was "later involved in many of the denials of buyers proposed by Ms. Hymel." (*Id.*) But Plaintiff does not refute, as Allstate argued in its Motion to Dismiss, that Allstate has a legitimate interest in denying potential buyers, including to ensure its agencies are profitable and competitive in the insurance market. In commercial cases, like this one, it is "difficult (if not impossible)" to show the defendant acted with spite or ill will, rather than in pursuit of a legitimate interest, such as profit. *In JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 01–1096 (La. App. 4th Cir.3/6/02), 812 So.2d 834. Only Allstate has the right, not Plaintiff, to determine whether a buyer is qualified and will protect its legitimate business interests. Plaintiff's opinion that her proffered purchasers were qualified to purchase her agency does nothing to support her assertion that FSL Caminita disapproved her chosen purchasers because of ill will or spite.[2]

---

[2] Plaintiff's allegation that at least two of the proffered purchasers were later qualified to purchase ***other*** agencies is also of no import. Allstate's "broad discretion"

As in *Bogues v. Louisiana Energy Consultants, Inc.,* 46,434 (La. App. 2 Cir. 8/10/11), 71 So. 3d 1128, 1135, Plaintiff's "allegations fall short of the malice, ill will or spite element that must be pleaded in the petition to sufficiently state a cause of action for tortious interference with business." *Id.* Accordingly, Count III should be dismissed.

### B. Plaintiff Also Fails to Plausibly Allege the Actual Prevention Element.

Plaintiff additionally fails to plausibly allege that Allstate actually prevented Plaintiff from dealing with third parties, another required element of a tortious interference claim under Louisiana law. At best, Plaintiff's allegations that Allstate did not communicate with prospective buyers and gave her book of business away (Dkt. 23, p. 9-10) establish that Allstate may have affected Plaintiff's business interests, but Plaintiff does not allege that Allstate actually prevented her from dealing with third parties, as required to sustain a tortious interference with business relations claim. *Whitney Bank v. SMI Companies Glob., Inc.*, 949 F.3d 196, 207 (5th Cir. 2020) ("It is not enough to allege that a defendant's actions affected the plaintiff's business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party"). In fact, Plaintiff admits that she did deal with third parties on several occasions and sought Allstate's approval for several buyers. (Am. Compl. ¶¶ 105-106.) Allstate did not interfere with such dealings, but

---

to approve a buyer (Am. Compl. ¶ 25) necessarily means that its determination may vary under different circumstances and from agency to agency—Allstate's discretion is not qualified in any way.

rather simply withheld approval of Plaintiff's proffered buyers, which is well within Allstate's contractual rights. Contrary to Plaintiff's groundless assertion, Allstate's right to approve or disapprove buyers does not obligate Allstate to "communicate with prospective buyers or otherwise facilitate the approval process." (Dkt. 23, p. 10.) Plaintiff's allegations are nothing more than conclusory statements which are "not sufficient for a well-pleaded complaint." *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., LLC*, 463 F. Supp. 3d 713, 725 (E.D. La. 2020).

Because Plaintiff fails to plausibly allege essential elements of tortious interference with business relations, Count III should be dismissed.

## CONCLUSION

For the aforementioned reasons and reasons stated in its Motion to Dismiss, Allstate respectfully requests that this Court dismiss Counts II-IV of Plaintiff's Amended Complaint with prejudice. Allstate further requests any additional relief that this Court deems just and appropriate.

Dated: June 18, 2024          Respectfully submitted,

*/s/ John K. Theis*
John K. Theis
Ariel Wilson
Michelle Conklin
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone:    312.471.8700
Facsimile:    312.471.8701
jtheis@rshc-law.com
awilson@rshc-law.com
mconklin@rshc-law.com

*Counsel for Allstate Insurance Company*